UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MANJINDER SINGH BEESLA,

            Plaintiff,

  v.

STATE OF WASHINGTON
GOVERNER JAY INSLEE,

            Defendant.

CASE NO. 3:21-cv-05611-JCC

REPORT AND RECOMMENDATION

NOTED FOR: October 8, 2021

    Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.

    Plaintiff has filed a form complaint for a civil case in federal court, in which he names one defendant: Washington State Governor Jay Inslee.[1] Dkt. 1-1, at 2. Plaintiff states that he is bringing suit under 28 U.S.C. § 1346—the Federal Tort Claims Act ("FTCA"). Dkt. 1-1, at 4.

---

[1] The Court's docket for this case lists the State of Washington as a defendant. However, this appears to be an error, as the complaint lists only the "State of Washington Governer [sic] Jay Inslee" as defendant. Dkt. 1-1, at 1. In any event, any claims against the State of Washington are frivolous for the same reasons discussed herein.

1  He does not list any other claims or statutes under which he seeks to bring his claims.  His
2  "statement of claim" (formatting omitted) contains only conclusory allegations and does not
3  explain how defendant Inslee has anything to do with the alleged harms.  *See* Dkt. 1-1, at 3.
4  　　　　The FTCA provides for jurisdiction in claims against the United States regarding federal
5  officials' torts.  *See* 28 U.S.C. § 1346; *see also* 28 U.S.C. § 2671.  It does not apply to claims
6  against state officials or states.  *Accord Roman Simon v. McMahon*, No. ED CV 16-2007-
7  RGK(E), 2016 WL 6068105, at *3 (C.D. Cal. Oct. 13, 2016); *Young v. Dep't of Corr.*, No. 2:16-
8  CV-143-WKS-JMC, 2016 WL 6500950, at *2 (D. Vt. Oct. 6, 2016), *report and recommendation*
9  *adopted*, No. 2:16-CV-143, 2016 WL 6496228 (D. Vt. Nov. 2, 2016).
10 　　　　Thus, plaintiff's proposed complaint in support of his motion to proceed IFP is patently
11 frivolous and should be dismissed without leave to amend.  *See* 28 U.S.C. § 1915(e) (requiring
12 dismissal where a filer proceeds IFP and the complaint is frivolous or fails to state a claim upon
13 which relief may be granted); Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss an action "at
14 any time" if the Court determines that it lacks subject matter jurisdiction).  Leave to amend is
15 generally liberally granted for *pro se* litigants, but leave to amend is not appropriate where, as
16 here, amendment would be futile.  *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th
17 Cir. 2002).
18 　　　　In summary, because plaintiff's proposed complaint in support of his motion to proceed
19 IFP is patently frivolous and the Court lacks subject matter jurisdiction over the claim alleged,
20 the District Court should deny the IFP motion (Dkt. 4) and dismiss this matter without prejudice.
21 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14)
22 days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to
23 file objections will result in a waiver of those objections for purposes of *de novo* review by the
24

1 district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those

2 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

3 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

4 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 8,**

5 **2021,** as noted in the caption.

6 Dated this 21st day of September, 2021.

8 J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3